

**FILED**
**Nov 03, 2021**
**01:37 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **TORREY MALONE,** | ) | **Docket No. 2021-05-0255** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **NISSAN NORTH AMERICA, INC.,** | ) | **State File No. 15450-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **SAFETY NAT. CAS. CORP.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court on October 28, 2021, for an Expedited Hearing on whether Mr. Malone is likely to prove at trial that he is entitled to medical treatment for his carpal tunnel syndrome. For the reasons below, the Court cannot find he is likely to prove that his condition arose primarily out of his employment. The Court must therefore deny his request for benefits.

### History of Claim

After working a production job at Nissan for several years, Mr. Malone developed pain in his right hand. He reported the problem and received a panel of physicians, from which he selected Dr. Terri Walker.

Dr. Walker examined Mr. Malone and assessed carpal tunnel syndrome and overuse tendonitis. Although she noted other personal risk factors, she said that his work activities were "more likely . . . the primary cause of his current condition by greater than 50%." She placed Mr. Malone on light duty, prescribed a splint, and ordered physical therapy. When he failed to improve, Dr. Walker ordered an x-ray and EMG/NCS testing. These tests confirmed carpal tunnel syndrome, and Dr. Walker referred Mr. Malone to Dr. Jeffery Kutsikovich "for further evaluation, treatment and final causation."

1

Dr. Kutsikovich also diagnosed carpal tunnel syndrome and recommended surgery. However, he wrote:

> Given the EMG nerve study and his lack of improvement with time off work, in addition to the etiology of carpal tunnel syndrome, I believe that this is less likely than not related to his work at Nissan. There is less than 50% chance that his job is the primary cause of his carpal tunnel syndrome.

Based on Dr. Kutsikovich's causation opinion, Nissan denied the claim.

Mr. Malone then sought treatment on his own from Dr. James Wiseman, who also diagnosed carpal tunnel syndrome and recommended surgery. Dr. Wiseman agreed with Dr. Walker's causation opinion and said that the nerve compression was due to Mr. Walker's work and his frequent use of the right hand and wrist. He specified, "I think it is greater than 51% that it is due to his work."

Nissan sent Dr. Wiseman's notes to Dr. Walker, along with Dr. Kutsikovich's records and a document authored by the Bureau Medical Director entitled "Important Information for Physicians to Understand Before Responding to Questions on 'Causation' in Workers' Compensation Cases." Dr. Walker then provided a lengthy response to Nissan's questions about her causation opinion. That response included the following:

> I initially thought that the force, vibration and repetitive nature of his work activities and the fact that he potentially had swelling due to overuse were specific causes of CTS; but after review of the literature there is no indication that this is the case. After review of the literature and the possible causes of CTS, personal risk factors seem to be more causative for CTS than any work-related activities. . . . There is no doubt that Mr. Torrey's [sic] work activities at Nissan involve some repetitive activities, force and vibration, but the research does not support this as being a significant cause of CTS. . . . After reviewing the evidence based data, and not relying on opinion or speculation, I feel that his work activities at Nissan more likely brought on his symptoms but are not likely to have caused the condition by greater than 50% given research based evidence of stronger associations of genetics, age, obesity and other personal risk factors.

At the hearing, Mr. Malone requested medical treatment, specifically the surgery recommended by both Dr. Kutsikovich and Dr. Wiseman. Nissan contended that Mr. Malone is not entitled to benefits because he did not prove that his injury was primarily caused by work.

**Findings of Fact and Conclusions of Law**

Mr. Malone must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove a compensable injury, Mr. Malone must show that his alleged injuries arose primarily out of and in the course and scope of his employment. This includes the requirement that he must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

In this case, the Court is faced with three medical opinions. Dr. Wiseman said that Mr. Malone's carpal tunnel syndrome is most likely work related; Drs. Walker and Kutsikovich said it was not.

Because Mr. Malone selected her from a panel of physicians, Dr. Walker's opinion is presumed to be correct. *See* Tenn. Code Ann. § 50-6-102(14)(E). The question, therefore, is whether the preponderance of the evidence would be sufficient to rebut that presumption at trial.

The only medical proof supporting Mr. Malone's claim is Dr. Wiseman's short statement that he agreed with Dr. Walker's original opinion and that he thought the carpal tunnel syndrome was due to Mr. Malone's work. However, unlike Dr. Walker's later effort, he failed to provide any detailed explanation as to how he reached that conclusion or how it was supported by the facts and literature. Without more information, the mere existence of a contrary opinion is insufficient for the Court to find the presumption rebutted by a preponderance of the evidence.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Malone's claims against Nissan for medical and temporary disability benefits are denied at this time.

2. This case is set for a Scheduling Hearing on January 13, 2022, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

3

**ENTERED November 3, 2021.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Mr. Malone's Rule 72 statement
2. Nissan's indexed exhibits
3. Dr. James Wiseman's treatment notes

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Nissan's Response to Employee's Request for Expedited Benefits

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on November 3, 2021.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Torrey Malone, Employee | X | | X | 643 E. Jefferson St. Pulaski, TN 38478 twmalone34@gmail.com |
| Steven Morton, Employer's Attorney | | | X | stephen.morton@mgclaw.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*